**Date: February 28, 2022**
**The following is ORDERED:**



BY THE COURT:

TERRENCE L. MICHAEL
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: | |
| LISA NICOLE ROBINSON, | Case No. 21-80455 |
| Debtor. | Chapter 13 |
| LISA NICOLE ROBINSON, | |
| Plaintiff, | |
| v. | Adversary No. 21-8017 |
| WILBURTON VILLAGE APARTMENTS, LP, | |
| Defendant. | |

ORDER DISMISSING ADVERSARY PROCEEDING WITHOUT PREJUDICE,
DENYING MOTION TO TRANSFER AND DENYING EMERGENCY MOTION FOR A
TEMPORARY RESTRAINING ORDER

## Introduction

If at first you don't succeed, try, try again seems to be the mantra of this adversary proceeding and the underlying bankruptcy case. In a prior contested matter, this Court, after conducting an evidentiary hearing, determined that the Debtor was not eligible for relief under Chapter 13 of the United States Bankruptcy Code and was not, as a matter of fact and law, entitled to the protections of the automatic stay afforded to debtors under § 362 of the Bankruptcy Code.[1] Both the order granting relief from the automatic stay and the order dismissing this case are long since final and non-appealable. It would seem the matter is complete. Not so fast.

Having dismissed Debtor's chapter 13 bankruptcy case on January 12, 2022, this Court entered an Order to Show Cause why this adversary proceeding should not be dismissed.[2] Lisa Nicole Robinson, the Plaintiff and former debtor ("Robinson") opposes dismissal and seeks a temporary restraining order enjoining the same state court eviction action for which the Court previously granted relief from the automatic stay. Robinson also asks this Court to order a United States District Court to hear this adversary proceeding.[3] Having reviewed the record, for the reasons set forth below, the Court dismisses this adversary proceeding without prejudice, denies the request for a temporary restraining order, and denies the request to transfer this adversary proceeding to the United States District Court for the Eastern District of Oklahoma.

## Background

This adversary proceeding and the underlying bankruptcy case have nothing to do with economic reorganization, and everything to do with eviction. Robinson filed an original petition

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C.A. § 101 *et. seq.*
[2] Ct.'s Order to Show Cause, ECF No. 58.
[3] Pl.'s Resp. and Mot. to Transfer, ECF No. 59; Pl.'s Emergency Mot. for TRO and Mot. to Transfer, ECF No. 61.

for relief under Chapter 13 of the Bankruptcy Code on June 21, 2021.[4] In her original schedules filed on July 5, 2021, Robinson listed total assets of $425.00, and total liabilities of $5,015.[5] She also listed monthly income of $390.67 and monthly expenses of $395. Of this income, $234 is for SNAP benefits (which may only be used to purchase food items) and $81 in utilities paid by her landlord, Wilburton Village Apartment, L.P.'s ("Wilburton"). The remaining $75.67 is described as "Yard sales/FB sales." In the Statement of Financial Affairs filed on July 5, 2021, Robinson lists zero income from any source in the two years prior to the filing of her case.[6] Put simply, at the time she filed bankruptcy, Robinson had no income.

Wilburton operates an apartment building in Wilburton, Oklahoma. Robinson has been a resident in one of those apartments since 2014. Wilburton was not listed by Robinson as a creditor in her case. Under the terms of the lease, Robinson pays no rent out of her own pocket. Instead, her rent is subsidized by the United States Department of Agriculture ("USDA"), which paid Wilburton $730 per month under the terms of the lease.[7] Wilburton did not renew the lease and advised Robinson of its intention not to renew the lease on April 6, 2021. Wilburton has been paid no rent by the USDA after May 31, 2021.[8]

Prior to the filing of her bankruptcy case, Wilburton filed an eviction proceeding against Robinson in Latimer County, Oklahoma (the "Eviction Action"). The Eviction Action was stayed by the filing of the bankruptcy case until December 1, 2021, when this Court, after notice and an evidentiary hearing, granted Wilburton's motion to lift the automatic stay to allow the Eviction

---

[4] Case No. 21-80455-TLM, ECF No. 1.
[5] *Id.*, ECF Nos. 36 and 37.
[6] *Id.*
[7] *Id.*, ECF No. 71 at 2.
[8] To say that Robinson and Wilburton have been at odds over Robinson's conduct as a tenant would be an understatement of epic proportions. The details of that dispute need not be repeated in this Order.

Action to proceed.[9] The order lifting the automatic stay is now final and non-appealable. On January 14, 2022, upon the motion of Mark Bonney, Chapter 13 Trustee, this Court entered an order dismissing Robinson's bankruptcy case.[10] That order is also final and non-appealable. Robinson's bankruptcy case is over and done.

On August 12, 2021, Robinson filed this adversary proceeding (the "Adversary Proceeding") against Wilburton.[11] Robinson filed an amended complaint in this Adversary Proceeding on August 24, 2021.[12] The Amended Complaint contains the following causes of action:

> Count 1 - Violation of the Federal Fair Housing Act
> Count 2 – Violation of 42 U.S.C. § 3617 – Retaliation for Exercise of Federal Fair Housing Right
> Count 3 – Violations of the Oklahoma Fair Housing Act – Reasonable Accommodation Discrimination
> Count 4 – Violations of the Federal False Claims Act
> Count 5 – Breach of Debtor's Third-Party Beneficiary Rights Under the LURA – Violations of Restrictive Covenants for the LIHTC Program
> Count 6 – Violations of the Oklahoma Consumer Protection Act
> Count 7 – Violation of Section 504 of the Rehabilitation Act of 1973 (federal law)
> Count 8 – Violation of Oklahoma Residential Landlord Tenant Act

None of these causes of action are based upon the United States Bankruptcy Code.[13]

This Court made extensive findings of fact and conclusions of law regarding Defendant's Motion for Relief from the Automatic Stay[14] and the Trustee's Motion to Dismiss[15] in Robinson's underlying bankruptcy case, both of which it incorporates herein by reference.[16] Those findings

---

[9] *Id.*, ECF No. 145.
[10] *Id.*, ECF No. 166.
[11] ECF No. 1.
[12] Pls. Am. Compl., ECF No. 11.
[13] *See* Case No. 21-80455, Tr. of Hrg. on Wilburton's Mot. for Relief from the Automatic Stay, ECF No. 164.
[14] *Id.*
[15] *See* Case No. 21-80455, Tr. of Hrg. on Trustee's Mot. to Dismiss, ECF No. 174.
[16] *Id.*

included an analysis of this Adversary Proceeding and the underlying reasons for Robinson seeking relief from this Court.

After Robinson's underlying bankruptcy case was dismissed, this Court entered an Order to Show Cause why this Adversary Proceeding should not be dismissed.[17] Robinson filed two pleadings in response. In the first, she asked this Court to transfer the Adversary Proceeding to the United States District Court for the Eastern District of Oklahoma.[18] In the second, Robinson renewed her request for transfer, and also asked this Court for a temporary restraining order preventing Wilburton from proceeding with the Eviction Action while this Adversary Proceeding remains pending.[19]

## Discussion

*Dismissal of the Adversary Proceeding*

There can be no doubt this Court has the power to dismiss adversary proceedings that arise out of a dismissed bankruptcy case. Local Rule 7041-1(E) provides that if the main bankruptcy case has been dismissed, this Court may *sua sponte* dismiss all adversary proceedings arising from the main case.[20] In this circuit, once the main bankruptcy case is dismissed, a noncore, related proceeding should be dismissed.[21]

As it ruled on Wilburton's Motion for Relief, this Court made an express finding that the

---

[17] ECF No. 58. The Court notes that the Government has filed a notice advising that it has reviewed this case and elected not to intervene on Robinson's behalf pursuant to her action under the False Claims Act, 31 U.S.C. § 3730(b)(4)(B). *See* Not. of Election to Decline Intervention, ECF No. 60.
[18] ECF No. 59.
[19] ECF No. 61.
[20] LR 7041-1(E).
[21] *See In re Johnson*, 575 F.3d 1079, 1083 (10th Cir. 2009) ("M & M correctly points to several decisions holding that when the underlying bankruptcy case is dismissed, a noncore, related proceeding ordinarily should also be dismissed (although leaving the matter to the bankruptcy court's sound discretion.)").

Adversary Proceeding was not a core proceeding, relying on well-established Tenth Circuit law:

> Core proceedings are proceedings which have no existence outside of bankruptcy. Actions which do not depend on the bankruptcy laws for their existence and which could proceed in another court are not core proceedings. . . . . Related proceedings are civil proceedings that, in the absence of a bankruptcy petition, could have been brought in a district court or state court. "[T]he test for determining whether a civil proceeding is related in bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir. 1984) (emphasis omitted). Although the proceeding need not be against the debtor or his property, the proceeding is related to the bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action in any way, thereby impacting on the handling and administration of the bankruptcy estate.[22]

Robinson's suggestion that the Adversary Proceeding is core because its outcome will have an effect on the bankruptcy estate is ill-founded and not well taken. The Court made it abundantly clear that each cause of action in this Adversary Proceeding sounds in state and/or federal law without reference to or dependence upon the United States Bankruptcy Code. That decision stands as the law of this case. Each of her causes of action could be filed in the appropriate state or federal court. Even if Robinson's understanding of what constitutes a "core" proceeding was correct (which it is not), nothing in the Adversary Proceeding can have an effect on Robinson's bankruptcy estate *because there is no bankruptcy estate*. The Adversary Proceeding presents an abundance of jurisdictional issues and Robinson's causes of action should be addressed in a court that has undisputed subject matter jurisdiction over them.

Robinson cites a decision of the United States Court of Appeals for the Fifth Circuit, *In re Querner,* as authority for this Court to retain jurisdiction of her adversary case.[23] *Querner* defeats Robinson on its facts. In *Querner*, the bankruptcy court retained jurisdiction over a probate proceeding after the underlying bankruptcy case was dismissed. The district court affirmed, and

---

[22] *Gardner v. United States (In re Gardner)*, 913 F.2d 1515, 1518 (10th Cir. 1990).
[23] *In re Querner,* 7 F.3d 1199 (5th Cir. 1993).

the Fifth Circuit reversed, finding that the bankruptcy court *abused its discretion* (a high threshold of review, to be sure) in retaining the probate instead of returning the matter to state court. The Fifth Circuit observed that bankruptcy courts are courts of limited jurisdiction and should not retain jurisdiction over a related proceeding once the main case has been dismissed, except in very limited circumstances.[24]

Robinson cites no circumstances in which this Court's retention of her Adversary Case would promote judicial economy, convenience, or fairness. This case is in its infancy. The parties have been in litigation in state court for approximately nine months. Interests of comity weigh in favor of dismissal. The causes of action contained in the Adversary Proceeding arise out of state and federal law and not the United States Bankruptcy Code. This Court has no business addressing them.

*Transfer of the Adversary Proceeding to District Court*

This Court does not have the authority to grant Robinson's request for a transfer of the Adversary Proceeding to the United States District Court for the Eastern District of Oklahoma. A bankruptcy court cannot transfer cases in its jurisdiction to the district court.[25] A bankruptcy court, as subordinate to the district court, does not possess discretion to transfer matters within its vested jurisdiction to district court.[26] Moreover, the statute Robinson cites regarding transfer to cure defects in venue for filing a case in the wrong division or district[27] is inapplicable to this case. The

---

[24] *Id.* at 1201-1202.
[25] *See Centrust Sav. Bank v. Love*, 131 B.R. 64, 66 (S.D. Tex. 1991) citing *Benchic v. Century Entertainment Corp.,* 20 B.R. 126, 127 (Bankr. S.D. Ohio 1982). District courts throughout the United States refer bankruptcy cases to bankruptcy court by general order as a matter of course. Such an order exists in the Eastern District of Oklahoma. *See* General Order 84-02, July 27, 1984, Case No. 13-10001, ECF No. 2. *See also,* E.D. Okla. LCvR 84.1, citing 28 U.S.C. § 157(a).
[26] *Centrust,* 131 B.R. at 66; 28 U.S.C.A. §§ 151, 157.
[27] 28 U.S.C.A. § 1406.

issues faced by this Court in this Adversary Proceeding do not involve venue, but, rather, jurisdiction.

*Injunctive Relief*

This Court lacks authority to enjoin the proceeding in state court. "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[28] Robinson cites no express authorizations by Congress that allow this Court to enjoin the Eviction Action. Even if this Court had the authority to enjoin the Eviction Action, it would not do so. The only stay this Court had the power to grant Robinson was granted by Congress when it enacted § 362 of the Bankruptcy Code.[29] This Court has already conducted a full evidentiary hearing in Robinson's bankruptcy case on the issue of whether the *automatic* stay under § 362 of the Bankruptcy Code should be terminated so that the Eviction Action may proceed and found ample (if not overwhelming) cause to do so. Robinson now suggests, on virtually the same facts, that she has met the far more stringent standards for a temporary restraining order under Federal Rule of Civil Procedure 65 and Federal Rule of Bankruptcy Procedure 7065, and

---

[28] 28 U.S.C.A. § 2283.
[29] *See* § 362(a).

that such an order should be issued *ex parte*.³⁰ This Court vehemently disagrees for all of the reasons it found cause to grant Wilburton relief from the automatic stay.³¹

## Conclusion

There are no bankruptcy issues involved in the Adversary Proceeding. Each cause of action arises under state and federal law without reference to or dependence upon the United States Bankruptcy Code. Robinson may pursue those causes of action in the appropriate state or federal court. Robinson was not eligible to proceed in Chapter 13 and this adversary proceeding should be dismissed.³² All further relief must be denied without prejudice.

Accordingly,

IT IS THEREFORE ORDERED that this case is hereby **dismissed without prejudice.**

---

[30] *See, e.g., People's Trust Fed. Credit Union v. Nat'l Credit Union Adm. Bd.*, 350 F.Supp. 3d 1129, 1138 (D. N.M. 2018) ("To establish its right to preliminary relief under rule 65(b), a moving party must demonstrate that "immediate and irreparable injury, loss, or damage will result" unless a court issues the order. Fed. R. Civ. P. 65(b). A moving party must "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Def. Council, Inc.,* 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008) ("Winter") (citing *Munaf v. Geren*, 553 U.S. 674, 689-90, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008) ); *Amoco Prod. Co. v. Gambell*, 480 U.S. 531, 542, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987); *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12, 102 S.Ct. 1798, 72 L.Ed.2d 91 (1982) ).").

[31] To be clear, this Order dismisses the Adversary Proceeding and all requests for relief by Robinson *without prejudice*. Robinson remains free to restate her claims in a court of competent jurisdiction, and this Court does not intend to suggest what that court should do with any of them.

[32] The dismissal of this case is made upon the Court's own Order to Show Cause, not on a motion of dismissal or request of Robinson. Consequently, the consent of the Government is not required pursuant to 31 U.S.C.A. § 3730(b)(1). *See United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1250 (10th Cir. 2017)("§ 3730(b)(1) only prohibits an FCA relator from voluntarily dismissing his complaint without consent."). *See also Brown v. Sherrod*, 284 Fed.Appx. 542, 543 (10th Cir. 2008) (unpublished) ("The consent of the Attorney General is required only where the plaintiff seeks a voluntary dismissal of the action, not where the district court grants a defendant's motion to dismiss for failure to state a claim.")

IT IS FURTHER ORDERED that Plaintiff Lisa Nicole Robinson's Emergency Motion for a Temporary Restraining Order and Motion to Transfer Adversary Proceeding to the United States District Court for the Eastern District of Oklahoma (Docket No. 61) is **denied.**

###